Dear Representative Steelman:
This opinion is issued in response to your question regarding representation of Clay County on the senatorial district committees for senatorial districts numbered 12 and 17, both of which include a part of Clay County.
The composition of senatorial district committees in districts which are composed of a part of a county is governed by subsection 4 of Section 115.619, RSMo 1978, which states:
 The congressional, senatorial or judicial district committee of a district which shall be composed in whole or in part of a part of a city or part of a county shall include as members of such committee the ward or township committeemen and committeewomen from such wards or townships included in whole or in part in such part of a city or part of a county forming the whole or a part of such district.
However, the members of the county political committees in Clay County are not elected from wards or townships; they are elected from committee districts in accordance with Section 115.607, RSMo 1978, as amended by House Committee Substitute for Senate Bill No. 526, 81st General Assembly. That section provides in relevant part:
 1. No person shall be elected or shall serve as a member of a county committee who is not, for one year next before his election, both a registered voter of and a resident of the county and the committee district from which he is elected. Except as provided in subsections 2, 3, 4 and 5 of this section, the membership of a county committee of each established political party shall consist of a man and a woman elected from each township or ward in the county.
* * *
 4. In each county of the first class containing a portion, but not the major portion, of a city which has over three hundred thousand inhabitants, ten members of the committee, five men and five women, shall be elected from the district of each state representative wholly contained in the county in the following manner: After each legislative reapportionment, the election authority shall divide each legislative district wholly contained in the county into five committee districts of contiguous territory as compact and nearly equal in population as may be; two members of the committee, a man and a woman, shall be elected from each committee district. The election authority shall divide the area of the county located within legislative districts not wholly contained in the county into similar committee districts; two members of the committee, a man and a woman, shall be elected from each committee district. [emphasis added]
Although subsection 4 of Section 115.619 does not explicitly state that the senatorial district committees shall include committeemen and committeewomen who are elected from committee districts (instead of from wards or townships), we are unwilling to ascribe to the General Assembly an intent to deprive Clay County of representation on the senatorial district committees for those districts which contain a part of that county. Accordingly, we believe that the reference to "ward or township" appearing in Section 115.619.4 must be construed to mean "committee district" in relation to Clay County, whose county political committees are elected from committee districts pursuant to Section 115.607.4.
CONCLUSION
It is the opinion of this office that representation of Clay County on the senatorial district committees for districts 12 and 17 is governed by Section 115.619.4, and that the phrase "ward or township" as used in that section includes a "committee district" established in Clay County pursuant to Section 115.607.4.
Very truly yours,
 JOHN ASHCROFT Attorney General